UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

TEAMSTERS LOCAL 456 PENSION, HEALTH
& WELFARE, ANNUITY, EDUCATION &
TRAINING, INDUSTRY ADVANCEMENT, and
LEGAL SERVICES FUNDS by Louis A. Picani,
Joseph Sansone, Dominick Cassanelli, Jr., Saul
Singer, Ross Pepe, and Jeffrey Isaacs as Trustees
and fiduciaries of the Funds, and WESTCHESTER
TEAMSTERS LOCAL UNION NO. 456,

                         Plaintiffs,

             - against -

PARADISE HEATING OIL INC. and DAVID
ROSNER, INDIVIDUALLY,

                   Defendants.
------------------------------------------------------------------ x

Civil Action No.

## COMPLAINT

      Plaintiffs Teamsters Local 456 Pension, Health & Welfare, Annuity, Education &

Training, Industry Advancement, and Legal Services Funds by Louis A. Picani, Joseph Sansone,

Dominick Cassanelli, Jr., Saul Singer, Ross Pepe, and Jeffrey Isaacs as Trustees and fiduciaries

of the Funds (the "Funds"), and Westchester Teamsters Local Union No. 456 ("Local 456,"

together with the Funds, "Plaintiffs"), for their complaint allege as follows:

## INTRODUCTION

      1.     This is an action brought under the Employee Retirement Income Security

Act ("ERISA") and the Labor Management Relations Act ("LMRA") to collect delinquent

contributions and various other sums owed by an employer to employee benefit plans.

## JURISDICTION AND VENUE

      2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331

and 29 U.S.C. §§185(a), 1132(a)(3), 1132(e)(1), 1132(f) and 1145.

3.      Venue lies in this district under 29 U.S.C. §1132(e)(2), as Plaintiffs are administered in this district.  Venue also lies in this district under 29 U.S.C. §185(a).

## THE PARTIES

4.      Louis A. Picani, Joseph Sansone, Dominick Cassanelli, Jr., Saul Singer, Ross Pepe, and Jeffrey Isaacs are Trustees and fiduciaries of the Funds within the meaning of 29 U.S.C. §1002(21)(A), as they have discretion and control over the assets and administration of the Funds.

5.      The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of 29 U.S.C. §1002(3) and §1002(37) and Section 302(c)(5) and (9) of the LMRA, 29 U.S.C. §186(c)(5) and (9), with their principal place of business within the Southern District of New York at 160 South Central Avenue, Elmsford, New York 10523.

6.      The Funds are administered by a Board of Trustees, comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

7.      Local 456 is an unincorporated association maintaining its principal offices within the Southern District of New York at 160 South Central Avenue, Elmsford, New York 10523.  The Union is a labor organization in an industry effecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a).

8.      The Funds are maintained pursuant to Agreements and Declarations of Trust (the "Trust Agreements") for the purposes of collecting and receiving contributions from employers bound to collective bargaining agreements with Local 456 and providing benefits to eligible participants.

9.      The collective bargaining agreements and the Trust Agreements set forth "terms of the plan," establishing that the Trustees are fiduciaries responsible for administering

the Funds and that the Funds are beneficiaries of the collective bargaining agreement and Trust

Agreement terms.  Accordingly, the Trustees have legal right to bring suit under 29 U.S.C.

§1132(a)(3) and 29 U.S.C. §1145.

       10.    Upon information and belief, defendant Paradise Heating Oil Inc.

("Paradise") is a domestic corporation, licensed to do business in the State of New York, having

its principal place of business and offices located 1 Quimby Street, Ossining, New York 10562,

and is, and at all times relevant to this action has been, an "employer" within the meaning of 29

U.S.C. §1002(5).

       11.    Upon information and belief, defendant David Rosner ("Rosner," with

Paradise, collectively and individually, the "Defendants"), is an individual as well as an owner,

agent, and/or managing agent of Paradise with the business address of 1 Quimby Street,

Ossining, New York 10562.

## FACTUAL BASIS FOR CLAIM

The Collective Bargaining Agreements, the Trust Agreements,
the Collections Policy and the Obligation to Report and Contribute to Plaintiffs

       12.    Paradise has at all times relevant to this action been party to a collective

bargaining agreement with Local 456 (collectively, and individually, the "CBA").

       13.    Pursuant to the CBA, Paradise is bound by the terms and conditions, rules

and regulations of the Trust Agreements and the Funds' Policy for Collection of Delinquent

Contributions (the "Collections Policy").

       14.    The CBA, Trust Agreements, and Collections Policy require Paradise to

remit contributions to the Funds.

15.     The CBA further obligates Paradise to deduct from each of its employees' wages specified amounts and pay these amounts to Local 456, presenting union dues and other monies.

16.     In addition to the above and pursuant to the CBA, the Trust Agreements, and the Collections Policy, together with ERISA Sections 515 and 502(g)(2), 29 U.S.C. §§ 1145 and 1132(g)(2) and LMRA Section 301(a), 29 U.S.C. § 185(a), in the event Paradise fails to timely remit contributions and deductions, Paradise becomes liable not only for the amount of contributions and deductions due, but also for the following: (1) interest on the unpaid and untimely paid Funds' contributions, at the rate of ten percent (10%) per annum; (2) liquidated damages equal to ten percent (10%) of those delinquent contributions; and (3) attorneys' fees, audit fees, and the costs of collection.

17.     The Trust Agreements and Collections Policy require Paradise to remit the contributions by the first (1st) day of the month following the month during which the hours were worked by employees.

18.     Pursuant to the CBA, Trust Agreements and Collections Policy, the Defendants must timely report in a monthly basis the number of hours worked by all their employees and subcontractors performing bargaining unit work.

19.     Defendants are contractually and statutorily obligated to maintain accurate and complete books and records for the number of hours of bargaining work performed by all their employees and subcontractors.

20.     The CBA, Trust Agreements, and Collections Policy further obligate the Defendants to permit Plaintiffs, on demand, to check, examine, and audit Defendants' books and records, including their payroll records, relating to hours worked by their subcontractors and

their employees, including union and non-union, bargaining unit, and non-bargaining unit employees.

Unpaid Contributions

21.     For various months between August 2019 through December 2019, Paradise failed to contribute to Plaintiffs the full amount due of fringe benefit contributions and deductions for hours worked by Paradise' employees.

22.     Through various correspondences, Plaintiffs requested payment of all outstanding fringe benefit contributions and deductions for hours worked by Paradise' employees due for the period of August 2019 through December 2019.

23.     Despite demand for payment, Paradise, at times by and through Rosner, has failed and refused, and continues to fail and refuse to remit payment of outstanding fringe benefit contributions and deductions due for August 2019 through December 2019, plus the applicable interest, liquidated damages, attorneys' fees and costs due.

24.     To date, Paradise has failed to remit payment of outstanding fringe benefit contributions and deductions due for August 2019 through December 2019, in the amount of at least $44,426.40, plus the applicable interest, liquidated damages, attorneys' fees and costs due.

Amounts Due on Contributions Paid Late

25.     Paradise paid fringe benefit contributions and deductions late for a period of months between March 2018 and June 2019.

26.     The Trust Agreements and Collections Policy provide that that the failure to promptly remit fringe benefit contributions due constitutes a violation of the CBA and Trust Agreements. The Trust Agreements and Collections Policy further provides that in such instance, Paradise is obligated to remit interest, liquidated damages, attorney's fees and costs.

27.     Through various correspondences, Plaintiffs requested payment of interest due on the late paid fringe benefit contributions and deductions.

28.     Despite demand for payment, Paradise, at times by and through Rosner, has failed and refused, and continues to fail and refuse to remit payment of applicable interest due.

29.     To date, Paradise has failed to remit $161.22 in interest on the late-paid fringe benefit contributions and deductions for a period of months between March 2018 through June 2019, plus $6,351.60 in liquidated damages on the late-paid fringe benefit contributions and deductions for a period of months between March 2018 through June 2019, plus attorney's fees and costs.

Audit Request

30.     Paradise has failed to submit its books and records to audit for periods covered by this Complaint.

Other Amounts

31.     On information and belief, additional fringe benefit contributions and deductions, interest, liquidated damages, audit fees, and attorney's fees and costs will continue to become due and owing by the Defendants to the Plaintiffs during the pendency of this action.

## COUNT I — ERISA

32.     Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

33.     Section 515 of ERISA, 29 U.S.C. §1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with

law, make such contributions in accordance with the terms and conditions of such plan or such

agreement."

34.    Paradise' failure to pay fringe benefit contributions interest, liquidated

damages, and attorney's fees and costs owing to the Funds violates the Trust Agreement and

Collections Policy, which are incorporated into the CBA, and thus gives rise to an action under

ERISA Section 515.

35.    Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that

> In any action under this subchapter by a fiduciary for or on behalf
> of a plan to enforce [Section 515] in which a judgment in favor of
> the plan is awarded, the court shall award the plan,
> the unpaid contributions,
> (a)    interest on the unpaid contributions,
> (b)    an amount equal to the greater of
> > (i)    interest on the unpaid contributions or;
> > (ii)   liquidated damages provided for under the plan in an
> > amount not in excess of 20 percent (or such higher
> > percentage as may be permitted under Federal or State law)
> > of the [unpaid contributions],
> (c)    reasonable attorney's fees and costs of the action, to be paid by the
> defendant, and
> (d)    such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions
> shall be determined by using the rate provided under the plan….

36.    The Funds are thus entitled under ERISA Section 502(g)(2) to unpaid

fringe benefit contributions, interest, liquidated damages, and attorney's fees and costs on all

unpaid and late-paid fringe benefit contributions and deductions.

## COUNT II — ERISA

37.    Plaintiffs repeat and reallege the allegations set forth in the preceding

paragraphs.

38.    Paradise, by virtue of its failure to submit its books and records to audit, is

statutorily liable under the CBA, Trust Agreements, Collections Policy and ERISA, is subject to

an injunction ordering it to submit immediately to such audit and is required to pay the fringe benefit contributions and deductions due according to such audit, interest, liquidated damages, audit fees, attorneys' fees and costs.

## COUNT III — ERISA

39.     Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

40.     ERISA Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses."

41.     ERISA Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law.

42.     The Trust Agreements provide in pertinent part that title to all monies paid into and/or due and owing to the Funds vested in and remains exclusively in the Trustees of the Funds, so outstanding and withheld contributions constitute plan assets.

43.     As a result of work performed by the Defendants under the CBA, Defendants, upon information and belief, received substantial sums of money related to construction projects intended to pay, among other things, the wages and benefits of employees furnishing and supplying labor.

44.     The Defendants were fiduciaries with respect to the plan assets that they failed to timely remit to the Funds.

45.    Upon information and belief, Rosner owned, controlled, and dominated the affairs of Paradise, and he purportedly acted on behalf of and in the interest of Paradise, and he carried on the business of Paradise for his own personal ends.

46.    Upon information and belief, Rosner withheld, permitted the withholding of, or authorized the withholding of contributions to the Funds, and Rosner dealt with plan assets for his own personal use and benefit although the plan assets rightfully belonged to the Funds.

47.    Upon information and belief, Rosner had managerial discretion and control over Paradise, made all decisions on behalf of Paradise, signed contracts governing Paradise, acted on behalf of and in the interest of Paradise, and made all decisions concerning payments by Paradise.

48.    Upon information and belief, Rosner determined which creditors Paradise would pay, determined when Paradise would pay the Funds, determined how much money would be paid to the Funds, determined which employees of Paradise would be reported to the Funds, and exercised control over money due and owing to the Funds.

49.    Upon information and belief, Rosner commingled or permitted the commingling of assets of the Funds with Paradise' general assets and used the Funds' assets to pay other creditors of Paradise rather than forwarding the assets to the Funds.

50.    Upon information and belief, while retaining Plaintiffs' contributions, Rosner transferred, applied, or diverted, or permitted the transfer, application, use, or diversion of, the Funds' assets for purposes other than the Funds without first making payment to Funds.

51.    The transfer of the assets to persons other than the Funds described in this Complaint occurred, and/or the use of the assets for purposes other than those permitted by the Funds occurred, with the knowledge and/or at the direction of, Rosner.

52.     By withholding the contributions from one or more of the Funds, Rosner received and retained for his own personal use and benefit, monies which were rightfully assets of the Funds in violation of ERISA Section 404(a)(1)(A) [29 U.S.C. §1104(a)(1)(A)].

53.     By withholding the contributions from one or more of the Funds, Rosner failed to abide by the documents and instruments governing the Funds in violation of ERISA Section 404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D).

54.     To the extent Rosner acting in his capacity as corporate officer, director, and/or shareholder, abused her position as fiduciary by permitting, directing, or instigating this transfer, application, or diversion in a manner contrary to her fiduciary obligations and his actions are a breach of trust under ERISA, 29 U.S.C. §§1104, 1106, and 1109.

55.     By reason of the wrongful diversion and/or conversion of the Funds' assets, the Funds have not been paid monies rightfully due to them.

56.     As a result of the breaches of fiduciary duty described above, Rosner is liable to the Funds: (i) for the fringe benefit contributions due and owing to the Funds; plus (ii) the interest at the consolidated rate of return of the Funds' investments; plus (iii) attorneys' fees and costs of collection; and (iv) to restore to the Funds any profits that Defendants made through use and retention of the assets of these Funds.

## COUNT IV — ERISA

57.     Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

58.     Absent an exemption, ERISA Section 406(a)(1)(A) and (B), 29 U.S.C. §§ 1106(a)(1)(A) and (B), makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit.

59.     Absent an exemption, ERISA Section 406(b)(1)-(3), 29 U.S.C. §§1106(b)(1)-(3), makes it unlawful for fiduciaries to deal with plan assets for their personal account.

60.     At all times relevant herein, the Defendants were parties in interest with respect to the Funds because they were fiduciaries, employers, or owners within the meaning of ERISA Section 3(14)(A), (C) and (E), 29 U.S.C. §§1002(14)(A), (C), and (E).

61.     To the extent that Rosner has withheld, permitted the withholding of, or authorized the withholding of the contributions from one or more of the Funds, Rosner has dealt with the plan assets in his own interest and/or exchanged property or extended credit from plan assets for his own personal use and benefit in violation of ERISA Section 406, 29 U.S.C. §1106, and he has received and retained from the Funds for, upon information and belief, his own personal use and benefit, monies which are rightfully assets of the Funds.

62.     To the extent that Rosner has withheld, received, and retained the contributions, or allowed the withholding and retention of contributions, Rosner, as a party in interest, has impermissibly used the assets of one or more of the Funds in contravention of ERISA Section 406, 29 U.S.C. §1106, the interests of the Funds and the interests of the Funds'' fiduciaries, participants, and beneficiaries.

63.     As a result of the breaches of fiduciary duty described above, Rosner. is liable to the Funds: (i) for the fringe benefit contributions due and owing to the Funds; plus (ii)  the interest at the consolidated rate of return of the Funds' investments; plus (iii) the attorneys' fees and costs of collection; and (iv) to restore to the Funds any profits that Defendants made through use and retention of the assets of these Funds.

## COUNT V — INJUNCTIVE RELIEF

64.     Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

65.     If this Court does not enjoin Defendants from further violations of ERISA, the LMRA, the CBA, Trust Agreements, and the Collections Policy, the Funds will be further damaged as a result thereof in ways and amounts which cannot be accurately measured in terms of money, either as to extent or amount.

66.     Defendants have failed to comply with their obligations to the Funds, despite due demand for compliance, and unless this Court enjoins Defendants from violating ERISA, LMRA, the CBA, Trust Agreements, and the Collections Policy, Defendants will continue to fail to timely remit contributions, deductions, and monthly remittance reports described above, causing Funds and the beneficiaries of the Funds to incur additional serious and irreparable harm by further burdening and obstructing the administration and operation of the Funds and endangering the payment of promised benefits from the Funds to qualified beneficiaries.

67.     The Defendants' failure to comply with its obligations to the Funds has reduced the corpus and income of the Funds thereby jeopardizing the stability and soundness of the Funds as well as the ability to pay benefits.

68.     The Defendants' failure to comply with their obligations to the Funds may cause enough instability to the Funds' financial affairs such that participant benefits may be reduced or terminated.

69.     Because the Defendants continue to fail to comply with their obligations to the Funds, new delinquencies are now being created monthly, again depriving the Funds of

adequate monies to pay promised benefits which in turn could cause the foregoing irreparable harm to be intensified in magnitude.

70.     Based on the foregoing instances of serious, substantial, and irreparable injury and damage, a mere money judgment is an inadequate remedy at law.

71.     Unless this Court enjoins the Defendants from breaching ERISA, LMRA, the CBA, Trust Agreements, and the Collections Policy and unless Defendants are compelled to remit all monies and reports that become due or are determined to be due to Plaintiffs whether arising before or after commencement of the action, greater injury will be inflicted upon the Funds, their Trustees, participants and beneficiaries, by denial of relief than could possibly be inflicted upon Defendants by granting such relief.

## COUNT IV — LMRA

72.     Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

73.     Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

74.     By failing to pay the contributions and other amounts owing, the Defendants have violated the CBA, Trust Agreement, and Collections Policy, which is incorporated into the CBA.

75.     The Funds are thus entitled under LMRA Section 301(a) to the unpaid contributions, interest, liquidated damages, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter a judgment:

1.     Ordering the Defendants, jointly and severally, to pay to the Funds (i) all delinquent fringe benefit contributions owed; (ii) interest on all delinquent and late-paid fringe

benefit contributions at the rate of ten percent (10%) per annum; (iii) liquidated damages equal to ten percent (10%) of the fringe benefits contributions due and late-paid; and (iv) the Funds' attorneys' fees and costs.

        2.     Ordering Rosner to pay the Funds (i) all delinquent fringe benefit contributions owed; plus (ii) the interest at the consolidated rate of return of the Funds' investments; plus (iii) the attorneys' fees and costs of collection; and (iv) to restore to the Funds any profits that Defendants made through use and retention of the assets of these Funds.

        3.     Ordering the Defendants, jointly and severally, to submit Paradise' books and records to audit for all unaudited periods covered by this Complaint.

        4.     Ordering the Defendants, jointly and severally, to remit (i) any delinquencies identified by the audit; (ii) interest on the delinquencies identified by the audit; (iii) liquidated damages on the delinquencies identified by the audit; (iv) the cost of the audit; and (iv) the attorneys' fees and costs associated with the audit.

        5.     Entering judgment against the Defendants, jointly and severally as follows:

        (a)     Judgment for any and all additional contributions and deductions that become due following commencement of the action or are determined to be due whether arising before or after commencement of the action, plus the applicable interest and liquidated damages as set forth herein;

        (b)     A permanent injunction preventing and restraining the Defendants from breaching the CBA, Trust Agreements, and Collections Policy by which they are bound; and

        (c)     A permanent injunction directing the Defendants to perform and continue to perform their obligations to the Plaintiffs, specifically, directing them to timely furnish the required monthly remittance reports and payments to Plaintiffs, and to provide the Plaintiffs, upon demand and at Defendants' expense, access to the books and records for an audit and examination relating to the employment of its employees, including but not limited to weekly payroll reports, payroll journals and quarterly employer reports for various federal and state agencies.

6.      Providing such other legal and equitable relief as the Court deems proper.

Dated:  New York, New York
       March 4, 2020

                            */s/ Michael S. Adler*
                            Michael S. Adler
                            COHEN, WEISS AND SIMON LLP
                            900 Third Avenue, Suite 2100
                            New York, New York 10022-4869
                            Telephone: (212) 356-0251
                            madler@cwsny.com

                            Attorneys for Plaintiffs